1

2

3

4

5

6

7

8              **IN THE UNITED STATES DISTRICT COURT**

9            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   DAVID LEE LASKIEWICZ,                No. CIV S-11-2828-JAM-CMK

12              Plaintiff,

13       vs.                             <u>ORDER</u>

14   RUSSELL SWARTZ, et al.,

15              Defendants.

16   _____/

17              Plaintiff, proceeding in this action in propria persona, brings this civil action.

18   Pending before the court is defendants' motion[1] to dismiss/strike or in the alternative for a more

19   definite statement (Doc. 26).    Also pending before the court is plaintiff's motion to quash the

20   defendants' motion (Doc. 34) and his opposition thereto (Doc. 35)

21       **I.       Background**

22              This action proceeds on plaintiff's amended complaint (Doc. 6) filed pursuant to

23   Federal Rule of Civil Procedure 15(a) on November 21, 2011.  Defendant Kinney was served on

24

25   _____

26   [1]       The defendants indicate that the motion to dismiss is brought on behalf of all three
     defendants.  However, as discussed in more detail below, defendant Kinney did not timely appear
     in this action, and a default has been entered against him.  As such, he cannot join in this motion.

1

1   February 1, 2012, and a clerk's entry of default was entered against him on March 9, 2012.  The

2   two other defendants, Swartz and Berg, were served on March 20, 2012.  Plaintiff's request for

3   entry of default against these two defendants, which was received by the court on April 16, 2012,

4   was denied as the instant motion had been received on April 12, 2012.

5            **II.     Motion to Dismiss**

6            Defendants filed the motion to dismiss on the basis that plaintiff fails to allege a

7   sufficient basis of jurisdiction.  Defendants argue that the plaintiff's reliance on Article VII of the

8   United States Constitution and Federal Rule of Civil Procedure Title 28 § 1322 are insufficient

9   grounds to establish jurisdiction.

10           Pro se litigants are expected to follow the Federal rules of Civil Procedure.  See

11  Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995).  However, pro se pleadings are held to a less

12  stringent standard than those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520

13  (1972).  It is clear to the court that plaintiff simply erred in his citations.  This type of error is not

14  terminal in a pro se case.  Rather, the court interprets the plaintiff's citations as 28 U.S.C. § 1332,

15  which is the diversity jurisdiction statute.  In so far as defendants argue this case does not qualify

16  for diversity jurisdiction, such a position is unsustainable.  Plaintiff pleads, and defendants do not

17  challenge, that diversity exists as he is a resident of Arizona while the defendants are residents of

18  California.  Defendants do argue the amount in controversy is insufficient to qualify this case for

19  diversity jurisdiction, but plaintiff does allege the amount of damages is over $75,000.

20           The basis for defendants' motion to dismiss or strike is insufficient.  As such the

21  motion is denied.  However, as discussed below, the motion for a more definitive statement will

22  be granted.

23           **III.    Motion for More Definite Statement**

24           In the alternative, defendants move for a more definite statement of plaintiff's

25  claims pursuant to Federal Rule of Civil Procedure 12(e).

26  / / /

2

Federal Rule of Civil Procedure 12(e) "is designed to strike at unintelligibility, rather than want of detail." Woods v. Reno Commodities, Inc., 600 F. Supp. 574, 580 (D. Nev. 1984); Nelson v. Quimby Island Reclamation Dist. Facilities Corp., 491 F. Supp. 1364, 1385 (N.D. Cal. 1980).  The rule permits a party to move for a more definite statement when a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  Such a motion "must be considered in light of the liberal pleading standards set forth in Rule 8(a)(2)." Comm. for Immigrant Rights of Sonoma County v. County of Sonoma, 644 F. Supp. 2d 1177, 1191 (N.D. Cal. 2009).  It is not the function of a Rule 12(e) motion to enable the defendants to ascertain details of the plaintiff's case or to require the plaintiff to provide evidentiary material that may properly be obtained by discovery.  See id.; Woods, 600 F. Supp. at 580; Famolare, Inc. v. Edison Bros. Stores, Inc., 525 F. Supp. 940, 949 (E.D. Cal. 1981); Boxall v. Sequoia Union High Sch. Dist., 464 F. Supp. 1104, 1114 (N.D. Cal. 1979).

Motions for more definite statement "should be granted only where the complaint is so indefinite that the defendants cannot ascertain the nature of the claims being asserted and 'literally cannot frame a responsive pleading.'" Hubbs v. County of San Bernardino, 538 F. Supp. 2d 1254, 1262 (C.D. Cal. 2008) (quoting Bureerong v. Uvawas, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996)).  See also Comm. for Immigrant Rights of Sonoma County, 644 F. Supp. 2d at 1191 (holding that a motion for more definite statement is proper only where the complaint is so vague or ambiguous that the opposing party cannot respond even with a simple denial).  In addition, any motion for more definite statement "must point out the defects complained of and the details desired."  Fed. R. Civ. P. 12(e).  The issue before the court, on a Rule 12(e) motion, is whether the complaint is sufficiently understandable, not whether the facts alleged are sufficient to state a claim.

Plaintiff's complaint is unclear.  He alleges the three defendants, who are all attorneys, were involved in his marital dissolution proceedings in state court: defendants Kinney and Berg were retained by plaintiff, Swartz was retained by his wife.  Plaintiff alleges the

1   defendants failed to disclose that the marital termination was not properly entered.  He also

2   claims the defendants persecuted him for his religious beliefs and caused him undue financial

3   hardships, in violation of his Constitutional rights.  The complaint is difficult to read and

4   comprehend, but it appears that plaintiff alleges some error occurred in the entry of final

5   judgment in his divorce proceedings.  It also appears that due to this error, plaintiff's ex-wife

6   remarried, thus committing bigamy, because their divorce was not finalized.  Plaintiff apparently

7   believes this was all done on purpose by the defendants to harass him due to his religious beliefs.

8   Plaintiff also blames the defendants for his loss of a union job, and alleges defendant Swartz

9   accepted payment of money from his ex-wife even knowing she was on welfare.  In addition,

10  plaintiff is apparently not allowed to visit his daughter, and he alleges the defendants conspired

11  with his ex-wife to keep him from doing so, to the extent they were helping his ex-wife with her

12  plans to shoot the plaintiff if he attempted to visit even though the defendants knew of her violent

13  past ( with allegations that his ex-wife had a history of shooting people).

14          The allegations in plaintiff's complaint are so vague and conclusory that the court

15  is unable to determine whether the current action is frivolous or fails to state a claim for relief.

16  The complaint does not contain a short and plain statement as required by Federal Rule of  Civil

17  Procedure 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint

18  must give fair notice to the defendants and must allege facts that support the elements of the

19  claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir.

20  1984).  Plaintiff must allege with at least some degree of particularity overt acts which

21  defendants engaged in that support his claims.  Id.  It is unclear to the court what the basis of

22  plaintiff's claims are.

23          As best the court can understand plaintiff's complaint, it appears he may be

24  attempting to set forth two claims.  First, plaintiff may be claiming the defendants have violated

25  his freedom of religion rights protected by the First Amendment.  Second, plaintiff may be

26  claiming that the defendants committed legal malpractice in their representation of plaintiff

4

during his marital dissolution.  There are problems with each of these potential claims which plaintiff should be aware of.

First, to the extent this is plaintiff's attempt at a civil rights action, pursuant to 42 U.S.C. § 1983, alleging the defendants violated his First Amendment rights, plaintiff fails to establish a state action.  Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunity secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."  42 U.S.C. § 1983.  "Traditionally, the requirements for relief under [§] 1983 have been articulated as (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law."  Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991).  Generally, plaintiffs are required to "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes."  Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986); see also WMX Techs., Inc. v. Miller, 197 F.3d 367, 372 (9th Cir. 1999) (en banc).  Public defenders, acting as an advocate for their client, are not acting under color of state law for § 1983 purposes.  See Georgia v. McCollum, 505 U.S. 42, 53 (1992); Polk County v. Dodson, 454 U.S. 312, 320-25 (1981).

The defendants in this case are private citizens, and there is no indication they were acting under color of state law.  Thus, the basis of plaintiff's claim is unclear as it relates to his First Amendment rights.  The freedoms protected under the Constitution restrict the actions of the government, not private citizens.  Again, there is no indication that this case involves governmental action at all.

/ / /

/ / /

To the extent plaintiff is claiming legal malpractice, the basis of plaintiff's claims are unclear.  He does allege that he retained the services of defendants Kinney and Berg regarding the dissolution of his marriage.  However, he also claims that defendant Swartz was retained by his ex-wife, and was not representing him in the proceedings.  In addition, it appears the marital dissolution occurred sometime in or around 1988.  Therefore, it is questionable whether plaintiff can maintain such an action at this time.

> Legal malpractice consists of the failure of an attorney "to use such skill, prudence, and diligence as lawyers of ordinary skill and capacity commonly possess and exercise in the performance of the tasks which they undertake."  When such failure proximately causes damage, it gives rise to an action in tort.  Since in the usual case, the attorney undertakes to perform his duties pursuant to a contract with the client, the attorney's failure to exercise the requisite skill and care is also a breach of an express or implied term of that contract. Thus legal malpractice generally constitutes both a tort and a breach of contract.

Neel v. Magana, Olney, Levy, Cathcart & Gelfand, 491 P.2d 421, 422-23 (Cal. 1971)  (quoting Lucas v. Hamm, (1961) 56 Cal.2d 583, 591, 15 Cal. Rptr. 821, 825, 364 P.2d 685, 689 (1961)).

In addition,  California Code of Civil Procedure § 340.6 provides that, subject to very limited exceptions,

> (a) An action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever occurs first. . . .

As plaintiff was represented by the defendants over twenty years ago, it is unlikely that he will be able to maintain an action as it fall outside the four year maximum statute of limitations.  Even if he is able to find a way around the statute of limitations, it is unclear from the complaint how the defendants failed to perform their duties appropriately, and what harm plaintiff suffered therefrom.  The possibility that his ex-wife somehow committed bigamy does not show that the plaintiff himself was somehow injured in the possible delay of entry of final judgment.  The other

allegations in the complaint are so vague and conclusory that the court is unable to determine whether there is in fact a claim for legal malpractice.

Therefore, defendants' motion for a more definite statement will be granted, and plaintiff will be required to file an amended complaint within 30 days of the date of this order.

### IV.   Motion to Quash

Plaintiff filed a motion to quash defendants' motion to dismiss on the basis that they are in default and therefore are without the ability to file such a motion.  Plaintiff's position is erroneous.  While Rule 55 provides that a default is to be entered if the defendant has not timely appeared to defend in the action, the default is not entered until a formal request is submitted to the Clerk of the Court.  Until such time as a default has actually been entered, a defendant may appear in an action and defend against it.  Therefore, even if a defendant fails to appear in an action within the time provided in Rule 12, until such time as a default has actually been entered, the clerk must accept a defendant's pleadings and motions.  Thus, there is no basis for plaintiff's motion, and it will be denied.

### V.   Defendant Kinney's Default

The last issue relevant here is the default of defendant Kinney.  Defendant Kinney's default was entered on March 9, 2012.  Plaintiff has filed a motion for default judgment thereon.  While not addressed on the merits herein, plaintiff needs to be aware of a problem he faces in proceeding to default judgment against defendant Kinney.  A clerk's entry of default cuts off a defendant's right to appear and present evidence in defense of the action.  Once the default has been entered against a defendant, all well-plead factual allegations in the complaint are established, but only as to liability not damages.   Conclusory, contradictory, or vague allegations cannot sustain a default judgment.  See Danning v. Lavine, 572 F.2d 1386, 138 (9th  cir.1978).  "[C]laims which are not well-pleaded, are not binding and cannot support the judgment."  Id. (citing Nishimatsu Construction Co. v. Houston National Bank, 515 F.2d 1200 (5th Cir. 1975)).

/ / /

As discussed above, plaintiff's amended complaint does not contain well-plead factual allegations sufficient to satisfy Rule 8.  Therefore, while plaintiff successfully obtained a clerk's entry of default as to defendant Kinney, the complaint is not likely to be sufficient in order to obtain a default judgment.  Plaintiff should consider whether attempting to obtain a default judgment on an insufficient complaint is the best course of action, or whether he is willing to stipulate to setting aside defendant Kinney's default as the defendants previously proposed.  If plaintiff chooses to stand on his current amended complaint as to defendant Kinney, he will be limited to those allegations as set forth therein.  In other words, when he files his second amended complaint, he will be required to simply re-allege those allegations against defendant Kinney as currently set forth in his amended complaint.  If he wishes to clarify his allegations against defendant Kinney, the default must be addressed first.

## V.    Conclusion

The allegations in plaintiff's amended complaint are too vague and conclusory to meet the pleadings standards of Rule 8.  Plaintiff is given leave to file a second amended complaint.  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, all claims alleged in an original complaint which are not alleged in an amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

Finally, plaintiff is warned that failure to file a second amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at  1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

1    Accordingly, IT IS HEREBY ORDERED that:

2        1.    Defendants' motion for more definite statement (Doc. 26) is granted;

3        2.    Plaintiff's motion to quash (Doc. 34) is denied;

4        3.    Plaintiff shall file a second amended complaint that complies with Rule 8,

5    within 30 days of the date of this order; and

6        4.    Defendants' response to plaintiff's second amended complaint shall be

7    filed pursuant to Rule 12(a)(4)(B).

8

9    DATED:  May 31, 2012

10                                    _____
                                      CRAIG M. KELLISON
11                                    UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26