IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID LEE LASKIEWICZ,                    No. 2:11-cv-2828-JAM-CMK

        Plaintiff,

   vs.                                                    ORDER

RUSSELL SWARTZ, et al.,

        Defendants.

_____/

        Plaintiff, proceeding in this action in propria persona, brings this civil action. Pending before the court is defendant Berg's unopposed motion to set aside default (Doc. 47). As no opposition to motion was filed, the court vacated the hearing set for December 12, 2012.

        This action was originally filed on October 26, 2011. Plaintiff then filed a first amended complaint on November 21, 2011. The summons was returned to the court on January 17, 2011, and plaintiff filed a request for entry of default on March 7, 2012, after no response to the complaint was filed. On March 9, 2012, the Clerk of the Court enter the default of one defendant, Kinney, but declined to enter the default for the other two defendants, Swartz and Berg, as it could not be determined whether they were appropriately served. The Initial Scheduling Conference was held on March 14, 2012, with the plaintiff appearing telephonically

and defendant Swartz appearing in person.  The matter was continued for resolution of service issues and the default as to defendant Kinney.  Plaintiff then attempted service of defendants Berg and Swartz again, and returned the summons as executed on March 22, 2012.  The continued scheduling conference was held on April 11, 2012; none of the defendants appeared nor had filed a response to the complaint.  The court noted that if plaintiff filed a request for entry of default as to the remaining defendants, the court would set a hearing to address the issue of actual damages.  However, before plaintiff filed a request for entry of default, the defendants filed a motion to dismiss or more definite statement, thereby responding to the complaint prior to the entry of their default.  This resulted in the Clerk declining to enter the defendants' default when plaintiff's request was received.  Following a hearing on the defendants' motion, the court granted the motion for more definite statement, and granted plaintiff leave to file a second amended complaint.  Defendants were directed to file a response to the second amended complaint pursuant to Federal Rule of Civil Procedure 12(a)(4).  No response to the second amended complaint, which was filed July 2, 2012, was received by the court, and plaintiff's request for entry of default was granted by the Clerk on September 5, 2012.  Plaintiff then filed a motion for default judgment on October 26, 2012, but failed to set it for a hearing.  Defendant Berg's motion was filed a few days later, on November 1, 2012.  No response from either defendant Swartz or Kinney has yet to be received.

Rule 55(c) of the Federal Rules of Civil Procedure provides for relief from an entry of default for "good cause shown."  An application under Rule 55(c) to set aside a default is addressed to the sound discretion of the trial court.  Savarese v. Edrick Transfer and Storage, Inc., 513 F.2d 140, 146 (9th Cir. 1975).  Because of the preference for deciding cases on their merits whenever possible, motions for relief from default entries should be viewed liberally, see Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984), resolving all doubts in favor of the party seeking relief.  See, e.g., Schwab v. Bullock's Inc., 508 F.2d 353, 355 (9th Cir. 1974); Butner v. Neustadter, 324 F.2d 783 (9th Cir. 1963).

In considering a motion to set aside a clerk's entry of default pursuant to Rule 55(c), courts "uniformly consider" the factors relevant to a motion to set aside a default judgment, pursuant to Fed. R. Civ. P. 60(b). 10 Wright and Miller, Federal Practice and Procedure ("Wright & Miller"), § 2694. Any of the reasons which are sufficient to justify relief under Rule 60(b) will justify relief under Rule 55(c). Id. "The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment." Mendoza v. Wight Vineyard Mgmt, 783 F.2d 941, 945; See also Brady v. United States, 211 F.3d 499, 504 (9th Cir. 2000) (quoting O'Connor v. Nevada, 27 F.3d 357, 364 (9th Cir. 1994)).

A motion to set aside a default judgment under Rule 60(b) may be denied if: (1) the plaintiff would be prejudiced by granting it; (2) the defendant has no meritorious defense; or (3) the defendant's culpable conduct led to the default. Pena v. Seguros La Comercial, S.A., 770 F.2d 811 (9th Cir. 1985). Finally, although there is no express requirement of timeliness in Rule 55(c), the fact that a defaulted party acts quickly to cure the default and seek relief is viewed as a strong reason for the court to exercise its discretion to set aside the default. Wright & Miller, § 1698.

When applying the good cause standard, the Ninth Circuit has typically found a defendant's conduct to be culpable "where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 698 (9th Cir. 2001). Although a defaulting party's familiarity with legal process or representation by an attorney may strongly suggest the likelihood that the delay was deliberate, willful or in bad faith, legal sophistication or ignorance is not the decisive factor. See id. at 699 n.6. "[S]imple carelessness is not sufficient to treat a negligent failure to reply as inexcusable, at least without a demonstration that other equitable factors, such as prejudice, weigh heavily in favor of denial of the motion to set aside a default." United States v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1092 (9th Cir. 2010).

/ / /

Here, the factors weigh in favor of defendant Berg. The court sees no prejudice to plaintiff, defendant has set forth the possibility of a meritorious defense, and there was no culpable conduct leading to the default. Defendant Berg explains that he was represented by counsel, one of the co-defendants in this matter, who became ill during the time a response to the second amended complaint was due. Defendant Berg had been in contact with his attorney's office, who assured him the complaint would be responded to and the default addressed. When this did not happen within the time defendant Berg was comfortable with, he sought out new counsel who proceeded to file the instant motion. While defendant Berg could be found negligent in his failure to insure a timely response was filed, there does not appear to the court any culpable conduct to support a denial of his motion. In addition, defendant Berg sets forth the possibility of a meritorious defense, including a statute of limitations issues, as well as res judicata and collateral estoppel stemming from prior actions between the parties. Finally, the court sees no prejudice to plaintiff in that there has been no significant delay. A plaintiff is not prejudiced simply because it is denied a swift victory and must litigate its claims on their merits. See Bateman v. United States Postal Service, 231 F.3d 1220, 1225 (9th Cir. 2000).

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Berg's motion to set aside default (Doc. 47) is granted; and

2. Defendant Berg shall file a response to the second amended complaint within 14 days of the date of this order.

DATED: December 17, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE