**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID LEE LASKIEWICZ, | No. 2:11-cv-2828-JAM-CMK |
| Plaintiff, | |
| vs. | <u>FINDINGS AND RECOMMENDATION</u> |
| RUSSELL SWARTZ, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, proceeding in this action in propria persona, brings this civil action. Pending before the court is defendant Berg's motion for more definite statement/motion to dismiss (Doc. 53).   A hearing on the motion was held on February 6, 2013, before the undersigned in Redding, California.  Defense counsel Howard Churchill appeared on behalf of defendant Berg; there was no appearance by plaintiff.

## I.  Background

Plaintiff, proceeding pro se, filed this civil action against three attorneys, Russell Swartz, Van Oliver Kinney, and Eric Allen Berg, on the basis of diversity jurisdiction.  Based on the allegations in the complaint, it appears plaintiff is claiming legal malpractice stemming from a divorce, as well as conspiracy and fraud.  Because plaintiff paid the filing fees, the case was not

1   screened prior to service.  Defendant Kinney's default was originally entered for failure to

2   respond to the first amended complaint, the request to enter the other defendants' default was

3   denied for lack of proper service.  All of the defendants previously filed a motion to

4   dismiss/more definite statement, which was granted on June 1, 2012.  Plaintiff was granted leave

5   to file an amended complaint, and was informed that if he clarified his claims as to defendant

6   Kinney, the default that had been entered as to defendant Kinney would be moot.

7            Plaintiff thereafter filed his second amended complaint (Doc. 39) against all three

8   defendants on July 2, 2012.  On August 27, 2012, plaintiff filed a request for entry of default

9   against all three defendants for failure to respond to the second amended complaint, which was

10  entered on September 5, 2012.  Plaintiff has filed a motion for default judgment, but it was not

11  set for hearing.  On November 1, 2012, defendant Berg filed a motion to set aside his default,

12  which was granted on December 17, 2012.  The current motion was filed by defendant Berg in

13  response to the second amended complaint.

14           Plaintiff sets forth some fairly vague facts in an attempt to support six claims.

15  The six claims are fraud, conspiracy to commit fraud, conversion, intentional/negligent infliction

16  of emotional distress, breach of fiduciary duty/malpractice and discrimination.  Plaintiff alleges

17  that defendants Berg and Kinney each represented him at some point during his divorce and child

18  support proceedings.  Defendant Swartz represented plaintiff's ex-wife.  The fraud allegations

19  stem from alleged false statements and representations defendant Kinney made in order to obtain

20  information regarding plaintiff's assets.  The conspiracy claim is based on allegations that the

21  defendants worked together to obtain the information about plaintiff's assets then used the assets

22  for their own benefit (conversion).  The conversion claim stems from the plaintiff's allegations

23  that the defendants obtained all of plaintiff's property through the underlying divorce action and

24  used for their own benefit.  His fourth claim, emotional distress, is based on allegations that the

25  defendants took advantage of plaintiff's prison term to rob him resulting in his emotional

26  distress. The malpractice claim stems from the defendants' alleged failure to complete the

underlying divorce.  Apparently, no final judgment was entered and it was not discovered until 2011 when it was entered nunc pro tunc, and he alleges that resulted in plaintiff losing the ability to regain any of the marital property he should have received.  Finally, he claims discrimination based on his religious faith.  He alleges he is a Christian, and due to the defendants' action, he was driven to illicit activity, and resigned from his job.

## II.  Motion

Defendant Berg brings this motion to dismiss on the grounds that the statute of limitations has run and the claims may be barred by res judicata.  He requests the court take judicial notice of State court filings in the underlying divorce proceedings in support thereof his motion.  In the alternative, defendant moves for a more definite statement, arguing the claims are too general and lack specificity as to defendant Berg's role in the claims.

In response to the motion to dismiss, plaintiff objects to the use of a motion to dismiss.  He argues that the defendants have already filed a motion to dismiss, which should have addressed all of the grounds for dismissing the case.  In addition, he argues that defendant Berg submitted his motion to dismiss with his motion to set aside his default, and because the court did not address the motion to dismiss at the same time, he cannot now file another motion.  As to the merits of the motion, plaintiff argues the complaint is sufficiently clear that defendants can understand the claims and defend against them, they are simply choosing not to.  In addition, he argues this case is not barred by the statute of limitations, and defendant Berg's filings do not support his motion.  Specifically, he claims the statute of limitations is three years from the time the injured party knew of the fraud, or the last overt act, which he argues was the nunc pro tunc judgment in 2011.

## III.  Discussion

Motion to Dismiss

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The

1   court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer

2   v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S.

3   738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All

4   ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen,

5   395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual

6   factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50

7   (2009).  In addition, pro se pleadings are held to a less stringent standard than those drafted by

8   lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  "Although a pro se litigant ... may be

9   entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must

10  meet some minimum threshold in providing a defendant with notice of what it is that it allegedly

11  did wrong."  Brazil v. United States Dept of Navy, 66 F.3d 193, 199 (9th Cir. 1995).

12          Rule 8(a)(2) requires only "a short and plain statement of the claim showing that

13  the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is

14  and the grounds upon which it rests."  Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007)

15  (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for

16  failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic

17  recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to

18  raise a right to relief above the speculative level."  Id. at 555-56.  The complaint must contain

19  "enough facts to state a claim to relief that is plausible on its face."  Id.  at 570.  "A claim has

20  facial plausibility when the plaintiff pleads factual content that allows the court to draw the

21  reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at

22  1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more

23  than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting Twombly, 550 U.S.

24  at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability,

25  it 'stops short of the line between possibility and plausibility for entitlement to relief."  Id.

26  (quoting Twombly, 550 U.S. at 557).

1        In deciding a Rule 12(b)(6) motion, the court generally may not consider materials

2    outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998);

3    Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The court may, however, consider: (1)

4    documents whose contents are alleged in or attached to the complaint and whose authenticity no

5    party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question,

6    and upon which the complaint necessarily relies, but which are not attached to the complaint, see

7    Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials

8    of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.

9    1994).

10        Finally, leave to amend must be granted "[u]nless it is absolutely clear that no

11    amendment can cure the defects."  Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per

12    curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

13        The first argument in the motion is that this action is barred by the statute of

14    limitations. Plaintiff alleges in his complaint that defendant Berg represented him in relation to

15    child support and paternity issues from 1998 to 2000.  (See Second Amended Complaint (Doc.

16    39) at 5 & fn. 3).  He attempts to plead around the statue of limitations two ways.  First, he

17    claims that the defendants were acting in concert, on a continuous wrongful basis, with the last

18    overt acting occurring in 2011 when the divorce judgment was obtained nunc pro tunc.  Second,

19    he argues the statute of limitations on legal malpractice is tolled until the client learns about it,

20    which again occurred in 2011.

21        Even if plaintiff is correct, that the statute of limitations can be tolled or delayed

22    on a continuous violation theory, that is not applicable here.  There are no allegations of

23    continuous actions by the defendants, especially defendant Berg.  As defendant Berg argues, and

24    alleged in the complaint, defendant Berg was retained to assist plaintiff in relation to paternity

25    and child support issues.  Most of the allegations in the complaint stem from the marital

26    dissolution action, which defendant Berg was not involved in, including the asset distribution.  In

1   addition, whether or not the divorce judgment was timely filed and entered again does not

2   involve defendant Berg, who was not retained to assist plaintiff in the dissolution proceedings.

3   Therefore, even if the last act was discovered in 2011, defendant Berg was not involved.  Since

4   plaintiff alleges in his complaint that defendant Berg was retained only from 1998 to 2000,

5   clearly any malpractice or fraud related to that representation that this defendant was involved in

6   occurred then and the statute has clearly run.

7           Defendant Berg also argues that the discovery of any fraud or malpractice should

8   have occurred within the last ten years.  He claims that plaintiff has brought several legal actions

9   of various sorts (fee dispute, state bar complaints, and court actions) which show plaintiff's

10   dissatisfaction in the representation Berg provided.  During these various proceedings, plaintiff

11   had the opportunity to discover any additional claims he may have had against defendant Berg.

12   Thus, plaintiff could have and should have discovered the fraud and/or malpractice long ago.

13           In support of this argument, defendant Berg requests the court take judicial notice

14   of the documents attached.  While the undersigned might agree that there was plenty of time and

15   opportunity for plaintiff to discover the facts underlying this case, such a conclusion can be

16   reached without those documents.  Plaintiff simply fails to articulate how he discovered the facts

17   unknown to him, nor does he explain how it was not possible for him to do so earlier.

18           Even if plaintiff was able to allege sufficient facts in his complaint as to the other

19   two defendants, Swartz and Kinney who were actually involved in his divorce proceedings, there

20   is simply nothing in the complaint to link defendant Berg to those actions.  The "overt act"

21   plaintiff uses in his attempt to get beyond the statute of limitations issue is the filing of the final

22   judgment in the divorce action.  However, according to the allegations in the complaint, this

23   action was completed by defendant Swartz, not Berg.  Similarly, this "overt act" argument does

24   nothing to save plaintiff's emotional distress, discrimination claim, or fraud claims.

25           In addition, defendant Berg argues plaintiff's fraud claims are not plead with

26   sufficient particularity to state a claim.  Federal Rule of Civil Procedure 9(b) requires that "the

1   circumstances constituting fraud or mistake shall be stated with particularity."  This heightened

2   pleading standard "requires a pleader of fraud to detail with particularity the time, place, and

3   manner of each act of fraud, plus the role of each defendant in each scheme." Lancaster Cmty.

4   Hosp. v. Antelope Valley Dist., 940 F.2d 397, 405 (9th Cir. 1991).  Thus, "allegations of fraud

5   must be specific enough to give defendants notice of the particular misconduct which is alleged

6   to constitute the fraud charged so that they can defend against the charge and not just deny that

7   they have done anything wrong."  Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001)

8   (citation and internal quotations omitted).

9           Here, plaintiff has not plead with any specificity how defendant Berg committed

10  fraud.  He alleges defendant Kinney made false statements, not defendant Berg.  He further

11  alleges the "defendants" used the knowledge gained by defendant Kinney to gain possession of

12  his assets and misuse them with no accounting of what happened to the property.  Again, there is

13  no allegation that defendant Berg was involved with the marital property, and such allegations

14  are not sufficiently plead to meet Rule 9(b) requirements of specificity.

15          As for plaintiff's other arguments, none of those are well taken.  Defendant Berg

16  is responding to plaintiff's second amended complaint, and is able to bring a new motion to

17  dismiss that complaint on any available grounds.  The fact that a prior motion to dismiss was

18  filed challenging an earlier complaint is irrelevant to the current motion.  Similarly, the

19  attachment of the motion to dismiss in support of the motion to set aside the default was

20  appropriate, but it was previously before the court for decision.  None of plaintiff's arguments

21  could be grounds for denying the motion to dismiss.

22      Motion for More Definite Statement

23          As to the alternative motion for more definite statement, Federal Rule of Civil

24  Procedure 12(e) "is designed to strike at unintelligibility, rather than want of detail."  Woods v.

25  Reno Commodities, Inc., 600 F. Supp. 574, 580 (D. Nev. 1984); Nelson v. Quimby Island

26  Reclamation Dist. Facilities Corp., 491 F. Supp. 1364, 1385 (N.D. Cal. 1980).  The rule permits

1   a party to move for a more definite statement when a pleading "is so vague or ambiguous that the

2   party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Such a motion "must be

3   considered in light of the liberal pleading standards set forth in Rule 8(a)(2)." Comm. for

4   Immigrant Rights of Sonoma County v. County of Sonoma, 644 F. Supp. 2d 1177, 1191 (N.D.

5   Cal. 2009). It is not the function of a Rule 12(e) motion to enable the defendants to ascertain

6   details of the plaintiff's case or to require the plaintiff to provide evidentiary material that may

7   properly be obtained by discovery. See id.; Woods, 600 F. Supp. at 580; Famolare, Inc. v.

8   Edison Bros. Stores, Inc., 525 F. Supp. 940, 949 (E.D. Cal. 1981); Boxall v. Sequoia Union High

9   Sch. Dist., 464 F. Supp. 1104, 1114 (N.D. Cal. 1979).

10          Motions for more definite statement "should be granted only where the complaint

11  is so indefinite that the defendants cannot ascertain the nature of the claims being asserted and

12  'literally cannot frame a responsive pleading.'" Hubbs v. County of San Bernardino, 538 F.

13  Supp. 2d 1254, 1262 (C.D. Cal. 2008) (quoting Bureerong v. Uvawas, 922 F. Supp. 1450, 1461

14  (C.D. Cal. 1996)). See also Comm. for Immigrant Rights of Sonoma County, 644 F. Supp. 2d at

15  1191 (holding that a motion for more definite statement is proper only where the complaint is so

16  vague or ambiguous that the opposing party cannot respond even with a simple denial). In

17  addition, any motion for more definite statement "must point out the defects complained of and

18  the details desired." Fed. R. Civ. P. 12(e). The issue before the court, on a Rule 12(e) motion is

19  whether the complaint is sufficiently understandable, not whether the facts alleged are sufficient

20  to state a claim.

21          Defendant Berg generally argues that the complaint is insufficient, lacks sufficient

22  factual specificity, and generally fails to state a claim. These arguments are properly raised in a

23  motion to dismiss, not in a motion for more definite statement. As discussed above, the

24  undersigned finds the claims against the moving defendant are barred by the statute of

25  limitations. Thus, the alternative motion for more definitive statement is unnecessary.

26  ///

### IV.  Conclusion

Plaintiff was previously cautioned that it appeared his claims were untimely and unclear.  He was provided an opportunity to clarify his claims in an amended complaint.  As he clearly sets forth in his second amended complaint, defendant Berg, the only moving defendant, was retained to represent him in a child support/paternity action from 1998 to 2000.  Thus, that statute of limitations ran, at the latest in 2004.  His attempts to extend the statute beyond that, to 2011 when the dissolution judgement was entered nunc pro tunc, are inadequate.  There is nothing in the complaint which could lead the court to conclude defendant Berg was involved in the underlying marital dissolution action, nor does plaintiff sufficiently plead facts alleging his involvement in any fraudulent scheme.  Thus, the motion to dismiss should be granted as filed beyond the statute of limitations.  Further, it is clear that no amendment can cure these defects, so no further leave to amend should be granted.

Based on the foregoing, the undersigned recommends that defendant's motion to dismiss (Doc. 53) be granted, defendant Berg be dismissed from this action, and this action proceed as against defendants Swartz and Kinney only.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


DATED:  May 13, 2013

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE