IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LEE LASKIEWICZ, | No. 2:11-cv-2828-JAM-CMK |
| Plaintiff, | |
| vs. | <u>ORDER</u> |
| RUSSELL SWARTZ, et al., | |
| Defendants. | |
| _____ / | |

Plaintiff, proceeding in this action in propria persona, brings this civil action. The remaining defendants in this action are defendants Swartz and Kinney. Plaintiff requested a Clerk's Entry of Default as to the defendants be entered based on the defendants' failure to respond to the complaint. The Clerk's Entry of Default was entered on September 5, 2012 (Doc. 42). Plaintiff thereafter moved for default judgment, and a hearing was held on December 3, 2014. Plaintiff, however, failed to produce any evidence to support his allegations relating to any damages. The hearing was continued to March 4, 2015, to provide plaintiff additional time to submit evidence in support of his damages claim. Prior to the hearing, plaintiff requested the court take the hearing off calendar, and requested additional time to obtain the necessary evidence. On February 20, 2015, the court granted plaintiff's request, the hearing was taken off calendar, plaintiff was ordered to file a status report within 60 days, and was ordered to notify the

court when he was ready to proceed, no longer than 180 days thereafter.

Plaintiff submitted his first status report on March 9, 2015, explaining some of his efforts in obtaining possible damages evidence. He filed a second status report on April 15, 2015, as well as a renewed motion for default judgment, again setting forth some of his efforts to obtain possible evidence to support his damages claim. He has not, however, provided the court with any further evidence to support his damages claim.

As set forth at the hearing on his motion for default judgment, and the Court orders following, plaintiff is required to support his damages claim. Conclusory statements in his motion for default judgment are insufficient to support any damages claim. Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for entry of default judgment. Upon entry of default, the complaint's factual allegations regarding liability are taken as true, but allegations regarding the amount of damages must be proven. See Fed. R. Civ. P 55(b)(2); Geddes v. United Fin. Group, 559 F.2d 557 (9th Cir. 1977); Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir.1990) (citations omitted) ("A consequence of the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."). When a plaintiff's damages are unliquidated (i.e. capable of ascertainment from definite figures contained in documentary evidence or in detailed affidavits) or punitive, they require "proving up" through an evidentiary hearing or some other means. See Dundee Cement Co. v. Howard Pipe & Concrete Prods., 722 F.2d 1319, 1323-24 (7th Cir.1983).

Following the hearing in December 2014, plaintiff was allowed time to provide proof to the court in support of his damages claim. He has failed to do so, despite having an extensive amount of time to do so. As the Court has received nothing from the plaintiff in over three years, it appears plaintiff is no longer interested in pursuing this matter.

The court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's

interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor. See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to comply with an order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

Having considered these factors, and in light of plaintiff's failure to submit any further status reports or evidence in support of his damages claim, the undersigned finds plaintiff has failed to comply with court orders and rules, and finds dismissal of this action is appropriate.

Based on the foregoing, the undersigned recommends that this action be dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and orders.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 19, 2018

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE